UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CYNTHIA REICES-COLON,

                              Plaintiff,

                                                             DECISION AND ORDER

                                                               11-CV-6134L

                              v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

       On August 2, 2007, plaintiff, then twenty-nine years old, filed applications for a period of disability and disability insurance benefits, as well as supplemental security income, under Title II and Title XVI of the Social Security Act. (T. 91). Plaintiff alleged an inability to work since January 1, 2007, due to inability to concentrate, panic attacks, migraines and back spasms. (T. 103). Her applications were initially denied on October 31, 2007. Plaintiff requested a hearing, which was held on October 14, 2009 via videoconference, before Administrative Law Judge ("ALJ") Wallace Tannenbaum. (T. 26-39). The ALJ issued a decision on November 11, 2009, concluding that plaintiff was not disabled under the Social Security Act. (T. 13-19). That decision became the final decision of the Commissioner when the Appeals Council denied review on January 19, 2011 (T. 2-4). Plaintiff now appeals.

       The plaintiff has moved (Dkt. #5), and the Commissioner has cross moved (Dkt. #7), for judgment pursuant to Fed. R. Civ. Proc. 12(c).

DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires an ALJ to follow a five-step sequential evaluation.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 CFR §404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities.  20 CFR §404.1520(c).  If not, the analysis concludes with a finding of "not disabled."  If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4.  If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled.  If not, analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See* 20 CFR §404.1520(e), (f).  Then, the ALJ determines whether the claimant's RFC permits her to perform the requirements of her past relevant work.  If so, the claimant is not disabled.  If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)).  *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards.  *See* 42

U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770,  774 (2d Cir. 1998) *quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

ALJ Tannenbaum's decision considers all aspects of the plaintiff's claim of disability, and is supported by pertinent factual findings. Upon review of the record, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff is not totally disabled is supported by substantial evidence.

The ALJ set forth the medical evidence in detail, with particular regard to plaintiff's back spasms, migraine headaches, depression, and post traumatic stress disorder ("PTSD"), which he determined constituted a severe impairment not meeting or equaling a listed impairment. (T. 15). I believe the evidence supports the ALJ's conclusion that plaintiff, then a thirty-two year-old woman with a high school education, was not totally disabled, due to the ALJ's finding at step four that plaintiff had the residual functional capacity ("RFC") to perform her past relevant work as a retail cashier and/or jeweler.

In determining plaintiff's exertional limitations, the ALJ considered, inter alia, plaintiff's treatment notes showing normal spinal x-rays and CT scan results, medical records reporting that physical therapy and pain medications had alleviated plaintiff's back pain and migraine

headaches (T. 270-273, 290-291, 464) and consultative examination records from Harbinder Toor, showing that plaintiff had no appreciable limitations in strength, flexibility and ability to stand, walk, bend, etc. (T. 281-284).

With respect to non-exertional limitations, the ALJ's finding that plaintiff's depression was not severe, and did not significantly limit her mental ability to perform basic work activities, is also well-supported. Consulting psychiatrist Dr. M. Apacible found that plaintiff has moderate limitations in understanding directions, moderate limitations in sustained concentration and persistence, and some moderate limitations in social interaction. (T. 339-341). Consulting psychologist Dr. Christine Ransom opined that plaintiff has up to moderate difficulty with complex tasks, relating to others and coping with stress. (T. 285-288).

Although plaintiff claims that some level of deference is due to the January 20, 2010 mental RFC assessment of plaintiff's therapist, Amy Baldwin, who opined that plaintiff was markedly or extremely affected in every measured category of mental functioning, it is undisputed that Baldwin, a social worker, is not an "acceptable medical source" under the applicable regulations, and thus her opinion is not entitled to controlling weight. 20 C.F.R. §§404.1513(a) and (d), 418.913(a) and (d).[1]

In any event, Baldwin's opinion that plaintiff was markedly or extremely restricted in the activities of daily living, maintaining social functioning, concentration, persistence and pace, and would be liable to extreme episodes of decompensation, is contradicted by other evidence of record. Such evidence includes Baldwin's own treatment notes which rated plaintiff's social functioning limitations as "moderate," as well as consistent progress notes from all of plaintiff's

---

[1] Plaintiff argues at length that the ALJ's failure "to discuss [Baldwin's] opinion or to give an explanation of his failure to assign it any weight" justifies a remand. (Dkt. #5-1 at 11). However, the lack of reference to Baldwin's opinion in the ALJ's November 11, 2009 determination is easily excused, since Baldwin's RFC report was not completed until two months later – on January 20, 2010. (T. 559).

treating and consulting sources describing plaintiff as cooperative, friendly, and socially appropriate.  (T. 148, 155, 163, 168, 171, 173, 179, 286, 525, 546).

Plaintiff's undisputed daily activities, including caring for herself and her household, shopping, cooking, cleaning, childcare, and church attendance, are also inconsistent with the "marked functional limitations in activities of daily living" noted by Baldwin.  (T. 282-287, 557). Baldwin's opinion that plaintiff's deficiencies in concentration, persistence and pace are "extreme" are similarly contradicted by the record, wherein regular progress notes from Baldwin and Dr. Muhammed Cheema at Genesee Mental Health assess plaintiff's concentration as good and memory as "fair," "good" and/or "intact."  (T. 148, 150, 155, 158, 159, 162, 163, 168, 170-173, 179, 525-528, 537, 540, 542, 544, 550).

Given Baldwin's lack of status as an acceptable medical source, the lack of support for Baldwin's opinion elsewhere in the record, and the appreciable inconsistencies between Baldwin's RFC report and plaintiff's treatment records, her conclusions are insufficient to establish that plaintiff is disabled.  For the same reason, the ALJ did not err in finding that plaintiff's subjective reports of disabling mental difficulties and pain, which far exceeded the extent of the limitations described in the medical record, were not credible.  (T. 17-19).

On balance, the plaintiff's medical records and treating and examining physician reports simply do not support her claim of total disability.  As such, I concur with the ALJ and conclude that there is substantial evidence to support his determination that plaintiff retained the residual functional capacity to perform the full range of medium work, with limitations to non-complex tasks that do not require working closely with others on a more than occasional basis (T. 16).  I further agree with the ALJ that the requirements of plaintiff's past relevant work as a jeweler (sedentary work not requiring contact with others) and cashier (light work involving regular superficial contact with customers) are consistent with this RFC, as well as with plaintiff's age and educational background.  As such, I find no reason to modify the ALJ's decision.

     I have considered the remainder of plaintiff's objections to the ALJ's determination, and find them to be without merit.

## CONCLUSION

     The Commissioner's motion for judgment on the pleadings (Dkt. #7) is granted, and plaintiff's motion for judgment on the pleadings (Dkt. #5) is denied. The Commissioner's decision that plaintiff, Cynthia Reices-Colon, was not disabled is in all respects affirmed, and the complaint is dismissed.

     IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 24, 2012.